## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**ANDREW CARLESTA KING,**

      **Petitioner,**

**v.**                    **Case No. 1:15-cv-012722**


**BART MASTERS, Warden,**
**FCI McDowell**

      **Respondent.**


### PROPOSED FINDINGS AND RECOMMENDATIONS

      Pending before the court are Petitioner's *pro se* Motion for Habeas Corpus Relief Pursuant to Title 28 U.S.C. § 2241(c)(3) (hereinafter "petition"),[1] (ECF No. 1), and Motion to Amend, which also seeks the appointment of counsel. (ECF No. 18). Respondent filed a response to the petition, requesting dismissal of this action. (ECF No. 15). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and this matter be **DISMISSED**, with prejudice,

---

[1] The correct title is actually a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and it will be referred to as a petition in this PF & R.

from the docket of the Court.

## I.      Factual and Procedural Background

In September 1997, Petitioner and another individual committed two armed bank robberies in Jamestown and Burlington, North Carolina. *See United States v. King*, 166 F.3d 1211, at *1 (4th Cir. 1998); *see also* (ECF No. 1 at 1-2). Petitioner was apprehended and pleaded guilty to two counts of armed robbery in violation of 18 U.S.C.A. § 2113(d) and one count of use of a firearm during a crime of violence in violation of 18 U.S.C.A. § 924(c). *Id.*; (ECF No. 1 at 2). Based on prior drug convictions, Petitioner was sentenced as a career offender to a term of 410-months' imprisonment. (*Id.* at 2-5).

Petitioner appealed his sentence, arguing that the district court wrongfully refused him a reduction under the U.S. Sentencing Guidelines for acceptance of responsibility solely because he denied striking a bank employee with a shotgun during one of the robberies. *King*, 166 F.3d 1211, at *1. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed his sentence. *Id.* Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, again arguing that he was factually innocent of striking the victim with his shotgun and the sentencing court erred in effectively convicting him of that assault, for which he was not charged, and denying him a sentence reduction for acceptance of responsibility. *King v. United States*, No. 1:05-cv-00769 (M.D.N.C. 2006). (ECF No. 1). The district court denied Petitioner's § 2255 motion as untimely. (*Id.* at ECF No. 7); (*see* ECF No. 5).

On August 26, 2015, Petitioner filed the instant petition challenging the constitutionality of his federal sentence. (ECF No. 1). Petitioner contends that his sentence is unconstitutional because the district judge incorrectly calculated it by applying sentence enhancements based on his use of a firearm during commission of the

crimes, and on the career offender guidelines. (*Id).*

Respondent filed a response to the petition, stating that the petition should be dismissed as inappropriate under § 2241, as it is actually a motion under 28 U.S.C. §2255 for which this court does not have jurisdiction. (ECF No. 15). Further, Respondent contends that this case should not be transferred to the Middle District of North Carolina—the court with jurisdiction—because Petitioner's motion is untimely and is an unauthorized second or successive motion under § 2255. (*Id).* Finally, Respondent asserts that the matter should not be construed as a request for permission to file a second or successive §2255 motion and transferred to the Fourth Circuit, because the motion lacks any potentially meritorious claim. (*Id*).

Petitioner filed a reply stating that Respondent never addressed the legality of the multiple sentence level enhancements that he received. (ECF No. 17). He prays that the court correct his sentence based on the misapplication of the career offender enhancement. (*Id).* Petitioner subsequently moved to amend his petition "to preserve [his] rights in light of" the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). (ECF No. 18).

## II.  **Analysis**

In his pleading, Petitioner clearly challenges the legality of his sentence, rather than its execution. (ECF Nos. 1, 17). Accordingly, Petitioner's action is properly brought under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Section 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental

remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow exception by which a petitioner may proceed under § 2241 if his claim meets three criteria: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Petitioner contends that his federal sentence is unconstitutional because the district judge improperly enhanced the sentence on the grounds that he was a career offender and used a firearm in the commission of his crimes. Consequently, unless Petitioner can show that his claims meet the criteria of the savings clause, he must proceed under 28 U.S.C. § 2255. Petitioner makes no such showing. He does not claim that the crimes of which he was convicted were decriminalized following his direct appeal and initial § 2255 motion, or that a new rule of law was created decriminalizing his conduct that was not one of constitutional law. Moreover, Petitioner attacks only his sentence in this action, not his conviction. Considering that the Fourth Circuit has not extended the § 2255(e) savings clause to a petitioner who challenges only his sentence, Petitioner fails to satisfy the *Jones* criteria. *See Santiago v. United States*, No. CIV.A. 5:12-04522, 2014 WL 8036937, at *3 (S.D.W. Va. Aug. 29, 2014) (citing *United States v. Poole,* 531 F.3d 263, 267 fn. 7 (4th Cir.2008) ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences); *Farrow v. Revell,* 541 F. App'x 327 (4th. Cir 2013) (same); *and In re Jones,* 226 F.3d 328, 333–34 (4th Cir. 2000) (outlining the circumstances in which § 2255 is inadequate or ineffective to test the legality of a *conviction*') (emphasis added)"). Therefore, the undersigned **FINDS** that Petitioner's claims are not cognizable under § 2241.

Given that Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). In this case, Petitioner's petition must be dismissed as this court does not have jurisdiction in this matter and it would be futile to transfer the case to the appropriate court. Unlike § 2241 petitions, which are brought in the district in

which the petitioner is incarcerated, a § 2255 motion to vacate, set aside, or correct Petitioner's sentence must be filed in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (directing the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence). It would be ineffective to transfer this case to the Middle District of North Carolina, because that court would be required to dismiss the action for lack of jurisdiction. Petitioner has not received authorization from the Fourth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A); accordingly, the North Carolina district court likewise lacks jurisdiction over Petitioner's § 2255 motion. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

One last alternative to dismissal is for this court to exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer

6

of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, a petition that is frivolous or time-barred may be dismissed by the district court, rather than transferred to the Fourth Circuit. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Here, "tak[ing] a peek at the merits" of the petition, *Phillips*, 173 F.3d at 610, the undersigned **FINDS** that Petitioner does not satisfy the criteria of § 2255(h) for two reasons. First, Petitioner does not claim that there is newly discovered evidence which would be sufficient to exonerate him. Second, Petitioner does not demonstrate a new rule of constitutional law, made retroactive on collateral review, that in his circumstance would provide a foundation for a potentially meritorious § 2255 motion. For the most part, Petitioner relies on cases that were decided more than one year before the filing of

his petition herein; as a result, claims based on those cases are untimely. Petitioner does assert rights under the recent *Johnson* and *Welch* decisions, which do establish a new rule of constitutional law made retroactive to cases on collateral review; however, his sentence does not factually qualify for reconsideration under those cases.

In *Johnson* and *Welch*, the United States Supreme Court addressed the constitutionality of certain sentences imposed under the Armed Career Criminal Act of 1984 ("ACCA"). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). In *Johnson*, the Supreme Court found that a portion of the ACCA's definition of a "violent felony" (referred to as "the residual clause") was unconstitutionally vague and, therefore, a sentence enhancement based upon the residual clause violated a defendant's right to due process of law. *Johnson*, 135 S. Ct. at 2555-2563. However, Petitioner's sentence enhancement was not based upon the now unconstitutional residual clause. To the contrary, by his own admission, Petitioner was sentenced as a career offender on the basis of his prior *controlled substances* convictions. *See* (ECF Nos. 1, 17); *see* U.S.S.G. § 4B1.1 ("either a crime of violence or a controlled substance offense" may qualify as a predicate offense under the career-offender guideline). Neither the guidelines' controlled substances provisions, nor similar statutory provisions, have been declared unconstitutional by the Supreme Court. Consequently, the holdings in *Johnson* and *Welch* do not provide grounds for resentencing in this case. *See Gardner v. United States*, 1:16-cv-00138-MR, 2016 WL 4479544, at *2 (W.D.N.C. Aug. 24, 2016) ("Nothing in Johnson affects the definition of 'controlled substance offense' or suggests that this Court's determination of Petitioner's career-offender status based on his prior drug

convictions was erroneous."); *see also Miles v. United States*, No. ELH-13-0512, 2016 WL 1321390, at *3 (D. Md. Apr. 5, 2016). For those reasons, the undersigned **FINDS** that Petitioner asserts no potentially meritorious claims that justify transfer to the Fourth Circuit.

### III.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Motion for Habeas Corpus Relief Pursuant to Title 28 U.S.C. § 2241(c)(3), (ECF No. 1), be **DENIED**;

2. Petitioner's Motion to Amend, which also seeks the appointment of counsel, (ECF No. 18), be **DENIED**, as moot;

3. Respondent's request for dismissal of this action, (ECF No. 15), be **GRANTED**; and

4.  This action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  September 26, 2016

Cheryl A. Eifert
United States Magistrate Judge