IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANDREW CARLESTA KING,

    Petitioner,

v.                          CIVIL ACTION NO. 1:15-12722

BART MASTERS, Warden,
FCI McDowell,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on September 26, 2016. In her PF&R, Magistrate Judge Eifert recommended that the District Court deny Petitioner's 28 U.S.C. § 2241 petition, and that this action be removed from the docket of the court.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour,

889 F.2d 1363 (4th Cir. 1989).[1] Petitioner eventually filed his Objections to the PF&R on November 18, 2016, and they are deemed to have been timely filed. See Doc. No. 26. The court proceeds to consider Petitioner's Objections on their merits.

Petitioner raises three objections, the first of which is jurisdictional—Petitioner contends that the court may adjudicate his claim on the merits under 28 U.S.C. § 2241—and the second and third of which concern the validity of his sentence. See Doc. No. 26. Because the court has no jurisdiction to entertain the merits and thus proceed beyond the first objection, that is where the case will end.

With respect to the first objection, 28 U.S.C. § 2255(e)'s "savings clause" enables a 28 U.S.C. § 2241 petition to supplant a § 2255 motion only when the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e). The "savings clause" reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

---

[1] Petitioner sought two extensions to file his Objections to the PF&R. See Doc. Nos. 20, 23. This court now grants Petitioner's Motions to Extend Time to File Objections to Proposed Findings and Recommendations.

2

>that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Further, the United States Court of Appeals for the Fourth Circuit elucidated sixteen years ago over the operation of this "savings clause:"

>§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333—34 (4th Cir. 2000). In this case, Petitioner argues that his federal sentence violates the United States Constitution since the district court "improperly enhanced the sentence on the ground[] that [Petitioner] was a career offender and" that he "used a firearm in the commission of his crimes." Doc. No. 19. It is Petitioner's burden to establish, by satisfying Jones' three-pronged test, that a § 2255 motion is inadequate and ineffective. In this case, Petitioner does not establish that his conduct has been decriminalized through a change in substantive law. He also does not establish that a new legal principle that was created

3

turns out to be not one of constitutional law.  Accordingly, Petitioner does not satisfy the Jones criteria and his legal claims are not to be deemed cognizable with respect to § 2241.

As a consequence, this petition "must either be dismissed or construed as a section 2255 motion."  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  Importantly, a § 2255 motion to vacate, set aside, or correct Petitioner's sentence must be filed before the district court that imposed the sentence.  See 28 U.S.C. § 2255(a).  Transferring this case to the Middle District of North Carolina would be futile since that court lacks jurisdiction.  This is because Petitioner suffers from essential want of authorization from the Fourth Circuit to file a second or successive § 2255 motion.  Such authorization is required under § 2255(h) as well as 28 U.S.C. § 2244(b)(3)(A).  As a result, both this court and the Middle District of North Carolina are devoid of jurisdiction to entertain Petitioner's § 2255 motion.  As Magistrate Judge Eifert rightly observed, "Petitioner asserts no potentially meritorious claims that justify transfer to the Fourth Circuit."  (Doc. No. 19.)  Finally, as the court stated earlier, the court need not opine on the validity of Petitioner's sentence.[2]  Presumably for the

---

[2] Indeed, Petitioner's second and third objections to the PF&R raise issues that PF&R did not.

same reason, Magistrate Judge Eifert carefully did not address the merits of the petition.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert as well as Petitioner's Objections, the court adopts the findings and recommendations contained in Magistrate Judge Eifert's PF&R.  Accordingly, the court hereby **GRANTS** Petitioner's Motions to Extend Time to File Objection to Proposed Findings and Recommendations (Doc. Nos. 20, 23)**; DENIES** Petitioner's Motion for Habeas Corpus Relief Pursuant to Title 28 U.S.C. §2241(c)(3) (Doc. No. 1); **DENIES as moot** Petitioner's Motion to Amend, which also seeks the appointment of counsel (Doc. No. 18); **GRANTS** Respondent's request for dismissal of this action (Doc. No. 15); **DISMISSES WITH PREJUDICE** this action (Doc. No. 1); and **DIRECTS** the Clerk of the court to remove this action from the active docket of the Court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.

5

Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Petitioner and counsel of record.

**IT IS SO ORDERED** this 7th day of December, 2016.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge